Bell, J.
The controversy herein is controlled by that part of Section 4123.519, Revised Code, which reads:
“The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas * *
It is contended by the company that the finding by the Industrial Commission that it is without jurisdiction does not constitute a “decision” within the meaning of the quoted portion of the statute.
On the other hand, plaintiff contends that in finding certain facts to be true, namely, that the settlement of a previous case included the settlement of the present case, the Industrial Commission made a “decision” that it has no jurisdiction.
In resolving the controversy, two recent decisions of this court must be examined.
In State, ex rel. Federated Department Stores, Inc., v. Brown, 165 Ohio St., 521, 138 N. E. (2d), 248, this court held that under Section 4123.516, Revised Code, the Board of Review is under a mandatory duty to hear an appeal if properly perfected, and that an order by it dismissing the appeal for *21 want of jurisdiction is null and void. The order of the Board of Eeview (and the order of the Industrial Commission since the Industrial Commission refused an appeal to it) appealed from in the Brown case read as follows:
“The board, after fully considering the proof of record, evidence offered at the time of this hearing and arguments of parties, find that the claimant’s motion to dismiss the appeal on the grounds that the board has no jurisdiction to determine the extent of disability is sustained.”
It was said by Stewart, J., in the opinion that “it is impossible to conceive, in the present case, upon what theory the board undertook to dismiss the appeal” unless it was because the board “erroneously concluded that it does not have authority to hear an appeal as to the extent of disability.”
Since, under Section 4123.519, Revised Code, no appeal may be taken to the Court of Common Pleas from an order of the commission as to the extent of disability, it was held in the Brown case that there was no adequate remedy at law and that, therefore, the relator in that case was entitled to a writ of procedendo commanding the Board of Eeview to hear an appeal which it was obligated by statute to hear.
There is no argument between the parties here as to the finality of the commission’s determination of extent of disability. Had the commission allowed plaintiff’s motion and re-evaluated his permanent partial disability, it is conceded by plaintiff that he would have been bound by such re-evaluation. It is likewise conceded by plaintiff that if his appeal is allowed and the judgment of the Court of Common Pleas recognizes his right to participate further in the State Insurance Fund he will be bound by any subsequent re-evaluation made by the Industrial Commission.
The basis upon which an appeal may be predicated under Section 4123.519, Revised Code, was succinctly stated by Judge Stewart in the Brown case, as follows:
“Thus, it seems clear that the appeal contemplated from either the board or the commission is one in which the sole question for the court, or a jury if demanded, is the determination of the right of the claimant to participate or to continue to participate in the State Insurance Fund, upon the evidence adduced at the hearing in the court.”
*22 In Carpenter v. Scanlon, Admr., 168 Ohio St., 139, 151 N. E. (2d), 561, the Industrial Commission had decided that a generalized arthritic involvement was “not related to or the result of the injury in this claim.” This court held that such decision was clearly not a decision as to the extent of disability “but rather a finding that the arthritic condition of claimant was not a disability resulting from the injury — an absolute denial of the claim on a jurisdictional ground going to the basis of claimant’s right.” It was held that under Section 4123.519, Revised Code, an appeal from such a decision was authorized.
In the instant case, if the Industrial Commission denied its jurisdiction to entertain plaintiff’s motion for a reason which goes to the basis of plaintiff’s right to participate, then under Section 4123.519, Revised Code, the plaintiff is entitled to an appeal to the Court of Common Pleas from such denial.
There is no question that the order attempted to be appealed from here dismissed the plaintiff’s motion for re-evaluation. In doing so, the commission assigned as its reason the inclusion of the settlement of the claim here in the lump-sum settlement in another claim. To say that this did not constitute a “decision” of the Industrial Commission would limit the meaning of the word, “decision,” to the point that it is meaningless. It must be assumed that the commission had some facts before it; and from those facts it determined that the settlement of the claim had been included in the other settlement. Whether it did or not was a question of fact, the resolution of which determined the plaintiff’s right to further participation in the State Insurance Fund. It is from such determinations that the Legislature provided for appeals to the Court of Common Pleas.
The judgment of the Court of Appeals is, therefore, reversed, and this cause is remanded to the Court of Common Pleas of Knox County for further proceedings.

Judgment' reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Herbert and Peck, JJ., concur.